UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN MILNER,<br>*Plaintiff*, | |
| v. | No. 3:20-cv-1245 (JAM) |
| NED LAMONT *et al.*,<br>*Defendants*. | |

**RULING ON PENDING MOTIONS**

Plaintiff Shawn Milner is currently incarcerated in the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. The amended complaint alleges a broad range of claims principally including deliberate indifference to medical needs, excessive force, and retaliation.[1]

The procedural history of this case is unusual in that I have previously ruled on numerous emergency and other motions for relief, appointed counsel for Milner (which counsel Milner has discharged), and convened status conferences with Milner, his counsel, and the Attorney General's Office in hopes of a resolution short of full-scale litigation of Milner's claims against some 42 defendants in his amended complaint. These efforts not having proved successful, I have recently issued an initial review order to allow the complaint to be served as to some of the claims against several of the named defendants and for the litigation to proceed in the ordinary course.[2] This ruling now addresses numerous motions that Milner has filed in the interim and that are pending on the docket.

**Doc. #90.** This letter motion requests docket sheets for all Milner's pending actions. The

---

[1] Doc. #5.
[2] Doc. #120.

motion is GRANTED to the extent that the Clerk of Court shall mail a copy of the current docket sheet for this action (*Milner v. Lamont*, 20cv1245) to Milner. The motion is otherwise DENIED to the extent that it seeks docket sheets for other actions and has not been filed on the docket for those separate actions. To the extent the motion appears to seek other relief, the motion is DENIED without prejudice to restatement by way of separate motion clearly setting forth the grounds for such relief.

**Doc. #97.** This is a 2-page "Motion for Spoilation of Evidence Sanctions." The Court DENIES the motion without prejudice for lack of a showing that the defendants have spoliated any evidence.

**Doc. #100, #103.** These are duplicate motions titled "Motion for Retaliation Sanctions." The motions claim that Milner was subject to shackling by unnamed persons in retaliation for contacting his legal counsel. The Court DENIES the motions for failure to make a substantial showing that Milner was subject to shackling for reasons of retaliation or for reasons having anything to do with this action.

**Docs. #101, #104, #106.** These are duplicate motions titled "Motion for Legal Mail Tampering and Denial Sanctions as a Matter of Law." The motions seek entry of default against the defendants on the ground that they have retaliated against Milner for over a year by means of assaults, harassment, transfers, mail theft, medical treatment refusals, discovery withholding, and spoliation of evidence. The Court DENIES the motions for failure to make a particularized or substantial showing that Milner was subject to retaliation for reasons having anything to do with this action.

**Doc. #105.** This motion is titled "Motion for Default / Motion for Pre-Trial Settlement

Conference." The motion seeks a pre-trial conference for a discovery scheduling order, to add new elements and defendants to the case, as well as to discuss settlement prospects. The Court DENIES this motion without prejudice in light of the scheduling order set forth with the Court's initial review order. If Milner wishes to propose a settlement to the defendants, he may contact their counsel. If the parties mutually wish the Court to refer them to a U.S. Magistrate Judge for a settlement conference, they may file such a request.

**Doc. #107.** This motion is titled "Motion Granting Plaintiffs Request for Defendants Sanction." Milner seeks entry of default sanctions for alleged violations by the defendants that are described in conclusory terms and that pertain to the alleged misconduct of different defendants in a wholly different case (*Milner v. Laplante*, 3:18-cv-903). The Court DENIES this motion for failure to show relevant grounds for relief in this action.

**Doc. #109.** This motion is titled "Motion for Executive Order 21-1 / Police Accountability Act Violation Sanctions." In this 1-page motion Milner moves for sanctions against unnamed defendants for subjecting him to isolated confinement in December 2021 and January 2022. The Court DENIES this motion for failure to identify the defendants, for failure to allege sufficient facts about the misconduct, and for failure to show how the allegations relate to the allegations of the amended complaint.

**Doc. #110.** This motion is titled "Emergency Temporary Restraining Order / Theft Sanction." The motion alleges that unnamed defendants stole money from Milner's prison account while he was in punitive segregation and have failed to transfer his property in conjunction with his transfer to another prison facility. The Court DENIES this motion on the ground that it has no apparent relation to the allegations of the amended complaint and without

prejudice to the filing of a separate claim for relief.

**Doc. #111.** This motion is titled "Motion for Default / Motion for Contempt / Prosecution." The motion complains that unnamed defendants have not treated a lesion and sent Milner to the hospital for a lesion removal. It also complains about prison conditions and COVID-19 quarantining. The Court DENIES this motion on the ground that it does not pertain to the allegations of the amended complaint and without prejudice to the proper filing of an amended complaint if the named defendants have engaged in misconduct or a new complaint against new defendants if warranted.

**Doc. #112.** This motion is titled "Order Granting Plaintiffs Motion for Default of Defendants." The motion complains that the defendants have not responded to a court order for them to file a response to one of Milner's motions for sanctions. The Court DENIES this motion because the defendants are not in default of any filing requirement in this action and because it appears that this motion concerns one of Milner's other lawsuits.

**Doc. #113.** This motion is titled "Order Granting Plaintiffs Motion to Sanction Defendants." The motion seeks default sanctions on the ground that the defendants have not responded to prior motions for sanctions and that Milner was subject to retaliatory cuffing in September 2021. The Court DENIES this motion for failure to identify the responsible defendants and to substantiate that the cuffing was for reasons of retaliation related to the claims of the amended complaint in this action.

**Doc. #114.** This motion is titled "Order Granting Plaintiff's Motion for Default." The motion seeks judgment against the defendants in the amount of $5 million because of their alleged refusals to respond to prior motions for sanctions and default. The Court DENIES this

motion on the ground that it does not establish that any of the defendants are in default of any filing requirement in this action and because the remedy sought is excessive.

**Doc. #115.** This motion is titled "Motion for Settlement Conference." The motion seeks a global settlement conference to resolve all of Milner's pending matters. The Court DENIES this motion without prejudice to renewal by means of joint request of the parties for referral to a U.S. Magistrate Judge for a settlement conference.

**Doc. #116.** This motion is titled "Motion to Compel." The motion seeks to compel disclosure of video for certain days in September 2021. The exhibit letter attached to the motion reflects only a request for video preservation and not a request for production. The Court DENIES this motion without prejudice to renewal after the defendants have been served with process and after Milner establishes that he has forwarded a proper discovery request to defendants' counsel and that the defendants have not responded.

**Doc. #117.** This motion is titled "Supplemental Motion for Retaliation/Spoilation of Evidence Sanctions." The motion complains that unnamed defendants forcefully took Milner's DNA for retaliatory reasons. Attached to the motion is a signed state court search-and-seizure warrant dated May 10, 2022 for Milner's DNA. The Court DENIES this motion for failure to show any connection between any alleged wrongful conduct as to the DNA warrant and the allegations of the amended complaint.

**Doc. #118.** This motion is titled "Motion to Sanction Defendants for E-File Theft / Violation of Order." The motion alleges that unnamed defendants and their agents have stolen Milner's incoming e-files sent from the Court and that this violates the Court's Standing Protective Order. The Court DENIES the motion for failure to specify what incoming messages

have been stolen. The Court's review of the docket reflects that there has been no activity over the past four months except for Milner's own filings.

**Doc. #119.** This motion is titled "Order Granting Plaintiff's Motion to Compel." The motion alleges that Milner has moved for all video and documentary evidence regarding retaliation by the defendants involving tightly applied leg restraints over a period of two-and-a-half days. The motion further claims without details that the defendants have not responded to discovery. The motion references attachments that have not been attached. The Court DENIES the motion for failure to identify the defendants at issue, for failure to substantiate that the leg restraints were imposed for reasons of retaliation relating to this action, and for failure to specify the discovery that has not been produced.

It is so ordered.

Dated at New Haven this 9th day of June 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge